SIXTH DIVISION
December 17, 2010

No. 1-09-2104

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 98 CR 22200 |
| | ) | |
| DENNIS DEMITRO, | ) | Honorable |
| | ) | Lawrence E. Flood, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE CAHILL delivered the opinion of the court:

Defendant Dennis Demitro appeals from the second-stage dismissal of his 2006 petition for relief under the Post-Conviction Hearing Act. 725 ILCS 5/122-1 *et seq.* (West 2008). On appeal, he contends that the circuit court erred in dismissing his petition for untimeliness and legal impossibility, where he established a lack of culpable negligence and the State waived the affirmative defense of nonretroactivity. We affirm.

The record shows that on November 22, 2000, defendant entered a negotiated plea of guilty to one count of first degree murder. Before accepting defendant's plea the circuit court admonished defendant of the rights he was waiving and the range of possible sentences for the crime. The court failed to admonish defendant of the mandatory supervised release term (MSR) following imprisonment. On December 22, 2000, defendant was sentenced to 20 years' imprisonment and advised of his appellate rights and the requirements to withdraw his guilty plea. Defendant did not file a motion to vacate his guilty plea or otherwise attempt to perfect an appeal from the judgment entered. Instead, in September 2006, defendant filed a *pro se* postconviction petition.

Defendant alleged in his petition that he was not informed of the MSR term and that he did not receive the benefit of his bargain with the State. The petition was summarily dismissed as frivolous and patently without merit, but, on appeal, this court reversed the summary dismissal and remanded the case for second-stage review.

On remand, counsel was appointed and filed a supplemental postconviction petition, including facts that defendant suffers from a severe stutter and has difficulty with literacy but maintaining the same substantive allegations. The State responded with a motion to dismiss, alleging that defendant's filing was untimely and he was not entitled to the relief sought.

The circuit court granted the State's motion to dismiss, holding that defendant failed to establish a lack of culpable negligence for his untimeliness, and that he was ineligible for a lesser sentence because he received the minimum allowable sentence.

Defendant contends on appeal from that order that he established a lack of culpable negligence for his late filing and that the State waived the issue of nonretroactive application of the relief sought. The State responds that defendant did not establish a lack of culpable negligence and that nonretroactivity cannot be waived because it is not an affirmative defense.

The Act provides a three-step means for defendants who claim a deprivation of constitutional rights to make a collateral attack on the judgment. 725 ILCS 5/122-1 (West 2008). In the second stage the State may move to dismiss a defendant's petition or answer the allegations raised therein. 725 ILCS 5/122-4 (West 2008). To withstand a second-stage motion to dismiss the defendant must make a substantial showing that his constitutional rights have been violated, taking all well-pled facts as true. People v. Towns, 182 Ill. 2d 491, 503, 696 N.E.2d 1128 (1998). On review, we may affirm the decision of the circuit court on any grounds substantiated by the record, regardless of the circuit court's reasoning. People v. Jones, 399 Ill. App. 3d 341, 359, 927 N.E.2d 710 (2010).

We find that defendant's claim was properly denied because he cannot make a substantial

2

showing of a violation of his constitutional rights. Defendant seeks the relief ordered by our supreme court in People v. Whitfield, 217 Ill. 2d 177, 202, 840 N.E.2d 658 (2005), where the court held that the remedy for a defendant who was not advised of the MSR obligation before entering his plea was to modify the sentence to incorporate the MSR in the number of years to which he was sentenced.

The supreme court in People v. Morris, 236 Ill. 2d 345, 366, 925 N.E.2d 1069 (2010), held that Whitfield announced a new rule that may not be applied retroactively to cases on collateral review. Specifically, Morris held that Whitfield may only be applied prospectively to cases where the defendant's conviction was finalized after December 20, 2005, the date Whitfield was announced. Morris, 236 Ill. 2d at 366. The court in Morris held that Whitfield announced a new rule because it was the first time the supreme court held that a faulty MSR admonishment deprived a defendant of due process. Morris, 236 Ill. 2d at 361. Morris also found that Whitfield created a new rule because it fashioned an unprecedented novel remedy. Morris, 236 Ill. 2d at 361.

The record here shows that defendant pled guilty on November 22, 2000, and was sentenced on December 22, 2000. Defendant did not file postplea motions or attempt to perfect an appeal from the judgment entered on his conviction. Defendant's conviction was finalized before the Whitfield decision was announced in 2005 and so retroactive relief under Whitfield is not available to him. Morris, 236 Ill. 2d at 361.

Defendant still contends that the State waived the defense of nonretroactive application where it opined in its motion to dismiss that Whitfield was not a new rule and could be applied retroactively. It is a well-established principle that waiver is a limitation on the parties and not the court. People v. Carter, 208 Ill. 2d 309, 318-19, 802 N.E.2d 1185 (2003). The State's position does not limit this court's authority on review (People v. Evangelista, 393 Ill. App. 3d 395, 912 N.E.2d 1242 (2009)), and a supreme court opinion cannot be waived by a party but

3

must be applied as a matter of law (People v. Artis, 232 Ill. 2d 156, 164, 902 N.E.2d 677 (2009)). Despite the State's argument, the holding in Morris is clearly applicable and this court lacks the authority to overrule it. Artis, 232 Ill. 2d at 164.

Defendant further contends that independent of Whitfield, he made a substantial showing that his due process rights were violated under Santobello v. New York, 404 U.S. 257, 262, 30 L. Ed. 2d 427, 433, 92 S. Ct. 495, 499 (1971), which held that a defendant's right to due process may be violated where the state fails to honor its promises as part of a plea agreement. In Morris, 236 Ill. 2d at 361, the supreme court explained that its decision in Whitfield expressly relied on Santobello. The court also explained that the opinion in Whitfield was in conformity with precedent recognizing that the defendant was entitled to the bargained-for benefit in his negotiated plea. Morris, 236 Ill. 2d at 361. Where Whitfield was the first time the supreme court relied on Santobello in the context of MSR, defendant cannot maintain a claim for that remedy without relying on the holding in Whitfield. By citing Santobello, defendant cannot avoid the effect of its progeny Whitfield and its limitation to prospective application under Morris.

Having so found, we need not address whether defendant established a lack of culpable negligence. McNeil v. Carter, 318 Ill. App. 3d 939, 944, 742 N.E.2d 1277 (2001) (where this court affirms a dismissal, it need not address the viability of the alternative grounds on which the trial court may have relied).

We affirm the dismissal of the circuit court of Cook County.

Affirmed.

CAHILL, J., with GARCIA, P.J., and R.E. GORDON, J., concurring.