# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Hildenstein*, 2012 IL App (5th) 100056

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT J. HILDENSTEIN, SR., Defendant-Appellant. |
| District & No. | Fifth District<br>Docket No. 5-10-0056 |
| Filed | May 31, 2012 |
| Rehearing denied | July 12, 2012 |
| Held<br><br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The appellate court upheld the second-stage dismissal of defendant's successive postconviction petition alleging that his guilty plea was not knowing and voluntary due to the fact that he was not advised of the mandatory supervised release term that applied upon the completion of his term of imprisonment, regardless of whether the decision in *Morris* dealing with the appropriate remedy for failing to provide advice about MSR applied to defendant, since the record showed the Prisoner Review Board issued an order discharging defendant from MSR and defendant was only required to serve his 20-year term of imprisonment for the first-degree murder of his wife. |
| Decision Under Review | Appeal from the Circuit Court of Madison County, No. 02-CF-1377; the Hon. Charles V. Romani, Jr., Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Michael J. Pelletier, Johannah B. Weber, and Edwin J. Anderson, all of State Appellate Defender's Office, of Mt. Vernon, for appellant.

David Rands, Special Prosecutor, of Olney (Patrick Delfino, Stephen E. Norris, and Sharon Shanahan, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE GOLDENHERSH delivered the judgment of the court, with opinion.

Presiding Justice Donovan and Justice Spomer concurred in the judgment and opinion.

## OPINION

¶ 1        Defendant, Robert J. Hildenstein, Sr., appeals from an order of the circuit court of Madison County denying his successive postconviction petition filed under the Post-Conviction Hearing Act (725 ILCS 5/122-1 to 122-8 (West 2006)). In the petition, defendant alleged that his January 20, 2004, guilty plea to first-degree murder was not knowing and voluntary because he was not advised when entering his guilty plea that he would be required to serve 3 years of mandatory supervised release upon completing his 20-year term of imprisonment. The circuit court dismissed the petition at the second stage. Defendant timely appealed. We affirm.

¶ 2                                   BACKGROUND

¶ 3        Defendant was charged with first-degree murder (720 ILCS 5/9-1(a)(2) (West 2000)) in the suffocation of his wife, which occurred on June 4, 2002. Ultimately, defendant pled guilty and was sentenced to 20 years in the Department of Corrections. During the plea hearing, the State presented the factual basis for the plea, showing that defendant strangled his wife to death. The trial court advised defendant of the charge and the range of possible prison sentences, but did not inform defendant he would be required to serve 3 years of mandatory supervised release upon completion of his 20 years in prison. Defendant did not make a motion to withdraw his guilty plea, nor did he pursue a direct appeal.

¶ 4        On July 13, 2004, defendant filed a petition for postconviction relief in which he claimed that defense counsel coerced him into pleading guilty and that his plea was not knowing and voluntary because he was taking Wellbutrin, a psychotropic medication, when he entered the plea, which rendered him incapable of understanding the proceedings. The trial court dismissed the petition at the first stage of the proceedings. This court entered a Rule 23 order

affirming the dismissal of the petition. *People v. Hildenstein*, No. 5-04-0514 (2005) (unpublished order under Supreme Court Rule 23).

¶ 5 On August 14, 2006, defendant filed a *pro se* motion for leave to file a successive postconviction petition in which he asserted he was never advised that he would be required to serve a three-year term of mandatory supervised release upon his release from prison. As a remedy, defendant sought a modification of his prison sentence to 17 years, plus 3 years of mandatory supervised release or any other fair and just relief. On August 29, 2006, the trial court entered an order finding the *pro se* petition presented the gist of a constitutional claim and ordered the petition docketed for further proceedings.

¶ 6 On September 22, 2006, defendant filed another *pro se* motion for leave to file a successive postconviction petition in which he again raised the mandatory-supervised-release issue, but also alleged different grounds for not presenting the claim earlier. Defendant also filed a request for the appointment of counsel. The trial court ultimately entered an order denying the September 22, 2006, motion because it raised the same issue presented in the pending postconviction petition. On October 4, 2006, the trial court appointed the public defender for defendant.

¶ 7 On October 12, 2006, the State filed a motion to dismiss in which it argued that defendant's claims were waived. A hearing was held on the motion to dismiss on July 9, 2008, during which defense counsel argued that the petition presented a valid claim under *People v. Whitfield*, 217 Ill. 2d 177, 840 N.E.2d 658 (2005), and that the imposed sentence was illegal. On September 23, 2008, the trial court entered an order denying the State's motion to dismiss.

¶ 8 On September 30, 2008, the State filed an answer to the postconviction petition in which it again asked that the petition be dismissed. On May 1, 2009, the State filed an amended motion to dismiss in which it explained that it had obtained an order discharging defendant from mandatory supervised release at the time of his release from prison. A copy of the order signed by Jorge Montes, chairman of the Prisoner Review Board, was attached. The State argued that because of the order, defendant's arguments concerning lack of admonishments were moot.

¶ 9 On May 5, 2009, defense counsel filed an amended petition for postconviction relief once again raising the mandatory-supervised-release claim, but also raising a new allegation that defendant had a valid defense of involuntary intoxication under the authority of the recently decided *People v. Hari*, 218 Ill. 2d 275, 843 N.E.2d 349 (2006). Defendant asked the trial court to vacate his guilty plea and set the matter for trial. The State moved to dismiss the amended petition on the basis that the new claim raised in the amended petition was waived.

¶ 10 A hearing was held on the State's motion to dismiss, after which the trial court entered an order finding that while defendant was not advised about mandatory supervised release when he pled guilty, because the Prisoner Review Board discharged defendant from mandatory supervised release, defendant would not serve more time in custody than he bargained for and, thus, defendant suffered no due process violation. The trial court also found that the issue raised in the amended petition was waived by defendant's guilty plea. Based on these findings, the trial court denied defendant's postconviction petition and denied

defendant's motion to amend the petition. Defendant filed a timely notice of appeal.

¶ 11                                    ANALYSIS

¶ 12        The issue we address is whether the trial court properly dismissed defendant's successive petition. There is some disagreement about whether the petition was dismissed at the first or second stage. After reviewing the record, we find that the petition was dismissed at the second stage.

¶ 13        At the first stage, the trial court must independently determine within 90 days of its filing whether the petition is frivolous or patently without merit. *People v. Gaultney*, 174 Ill. 2d 410, 418, 675 N.E.2d 102, 106 (1996); 725 ILCS 5/122-2.1(a)(2) (West 2008). At the second stage, the State must either answer or move to dismiss the petition. 725 ILCS 5/122-5 (West 2008). The question for the court at this stage is "whether the petition and any accompanying documentation make a substantial showing of a constitutional violation." *People v. Edwards*, 197 Ill. 2d 239, 246, 757 N.E.2d 442, 446 (2001). If the petition makes such a showing, then the petition advances to stage three, at which time the circuit court holds an evidentiary hearing on the claims raised in the petition. 725 ILCS 5/122-6 (West 2008). In the instant case, the trial court found that the successive petition presented the gist of a constitutional claim, ordered the petition docketed, and appointed postconviction counsel. Thereafter, the petition was dismissed upon motions of the State, making this a second-stage proceeding. The dismissal of a postconviction petition at the second stage is reviewed *de novo*. *People v. Hall*, 217 Ill. 2d 324, 334, 841 N.E.2d 913, 920 (2005).

¶ 14        Defendant argues that his plea bargain was not knowingly and voluntarily entered into because he was never advised of the requirement that he serve three years of mandatory supervised release upon completion of his term of imprisonment and that the remedy offered by the State, an order discharging defendant from mandatory supervised release, is not enforceable and is subject to change. Defendant asks that we reverse the dismissal of the petition and remand for an evidentiary hearing or, in the interest of judicial economy, order the guilty plea vacated and the cause remanded for a new trial. The State replies that the trial court properly denied defendant's successive postconviction petition at the first stage because *Whitfield* claims cannot be raised in postconviction petitions in which a defendant's conviction was final before *Whitfield* was decided and that, in any event, the order obtained from the Prisoner Review Board corrects any harm defendant suffered from failure to admonish him about mandatory supervised release. We agree with the State.

¶ 15        Defendant insists he is entitled to relief under *People v. Whitfield*, 217 Ill. 2d 177, 840 N.E.2d 658 (2005). In *Whitfield*, our Illinois Supreme Court held that the remedy for a defendant who was not advised of the mandatory-supervised-release obligation before entering his guilty plea was to modify the sentence to incorporate the mandatory supervised release in the number of years for which he was sentenced. Defendant seeks to go further, arguing that because his due process rights have been violated by not receiving the benefit of the bargain, he is afforded his choice of remedies, either withdrawal of the plea or fulfillment of the bargained-for promise. See *Santobello v. New York*, 404 U.S. 257, 262-63 (1971). Defendant's chosen remedy is withdrawal of his guilty plea. However, we find that

defendant's claim was properly denied because he cannot make a substantial showing of a violation of his constitutional rights.

¶ 16   In *People v. Morris*, 236 Ill. 2d 345, 366, 925 N.E.2d 1069, 1081 (2010), our Illinois Supreme Court held that *Whitfield* announced a new rule that may not be applied retroactively to cases on collateral review. *Morris* specifically holds that *Whitfield* may only be applied prospectively to cases where the defendant's conviction was finalized after December 20, 2005, the date *Whitfield* was announced. *Morris*, 236 Ill. 2d at 366, 925 N.E.2d at 1081. *Morris* found that *Whitfield* announced a new rule because it was the first time the supreme court held that a faulty mandatory-supervised-release admonishment deprived a defendant of due process. *Morris*, 236 Ill. 2d at 361, 925 N.E.2d at 1079. *Morris* also found that *Whitfield* created a new rule because it fashioned a novel remedy, not based upon earlier precedent. *Morris*, 236 Ill. 2d at 361, 925 N.E.2d at 1079.

¶ 17   In the instant case, defendant pled guilty to murder on January 20, 2004. He did not file a motion to withdraw his guilty plea, nor did he file a direct appeal. On July 13, 2004, defendant filed a postconviction petition, which was dismissed at the first stage and affirmed on appeal by this court on July 14, 2005. *People v. Hildenstein*, No. 5-04-0514 (2005) (unpublished order under Supreme Court Rule 23). Relying upon our Illinois Supreme Court's holding in *Morris*, we find that defendant is not entitled to retroactive application of *Whitfield* because his conviction was final prior to the *Whitfield* decision.

¶ 18   Nevertheless, defendant contends that the State waived the defense of nonretroactive application by not raising the defense below. We disagree. It is well settled that waiver is a limitation on the parties, not on the court. *People v. Carter*, 208 Ill. 2d 309, 318-19, 802 N.E.2d 1185, 1190 (2003). A supreme court opinion cannot be waived by a party, but must be applied as a matter of law; because the holding in *Morris* is clearly applicable here, this court lacks the authority to overrule it. *People v. Demitro*, 406 Ill. App. 3d 954, 957, 942 N.E.2d 20, 22 (2010).

¶ 19   Defendant further contends that independent of *Whitfield*, he made a substantial showing that his due process rights were violated under *Santobello v. New York*, 404 U.S. 257, 262 (1971), which held that a defendant's right to due process may be violated where the State fails to honor its promises as part of a plea agreement. Our colleagues in the First District recently addressed the same issue in *Demitro*, and specifically stated as follows:

"In *Morris* [citation], the supreme court explained that its decision in *Whitfield* expressly relied on *Santobello*. The court also explained that the opinion in *Whitfield* was in conformity with precedent recognizing that the defendant was entitled to the bargained-for benefit in his negotiated plea. [Citation.] Where *Whitfield* was the first time the supreme court relied on *Santobello* in the context of [mandatory supervised release], defendant cannot maintain a claim for that remedy without relying on the holding in *Whitfield*. By citing *Santobello*, defendant cannot avoid the effect of its progeny *Whitfield* and its limitation to prospective application under *Morris*." *Demitro*, 406 Ill. App. 3d at 957, 942 N.E.2d at 22-23.

We agree with the First District's analysis and adopt it.

¶ 20   Even assuming *arguendo* that *Morris* is somehow not applicable, we find the trial court

did not err in dismissing defendant's successive petition because defendant is still on track to receive the benefit of his plea bargain. The Prisoner Review Board has issued an order that discharges defendant from his three years of mandatory supervised release. The order has been filed with the circuit clerk. Defendant is now only required to serve his 20-year term of imprisonment, which is exactly what he agreed to during his plea. We also point out that while defendant has herein requested that his guilty plea be withdrawn, in his "Motion to Supplement" his *pro se* successive petition filed on September 22, 2006, defendant specifically stated, "[D]efendant does not wish to withdraw his plea as he accepts his responsibility for his actions and is remorseful about them, all he asks is that the proper remedy be applied." Under these circumstances, we find that the trial court did not err in dismissing defendant's successive postconviction petition.

¶ 21      For the foregoing reasons, the judgment of the circuit court of Madison County is affirmed.

¶ 22      Affirmed.