NOTICE
This order was filed under
Supreme Court Rule 23 and
may not be cited as precedent
by any party except in the
limited circumstances
allowed under Rule 23(e)(1).

Rule 23 filed January 4, 2021

Modified upon denial of
Rehearing February 4, 2021

2021 IL App (4th) 190276-U

NO. 4-19-0276

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Champaign County |
| JEREMY A.L. IRONS, | ) | No. 15CF13 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Thomas J. Difanis, |
| | ) | Judge Presiding. |

_____

JUSTICE TURNER delivered the judgment of the court.
Presiding Justice Knecht and Justice DeArmond concurred in the judgment.

**ORDER**

¶ 1     *Held*:  The circuit court did not err by dismissing defendant's postconviction
             petition at the second stage of the postconviction proceedings.

¶ 2     In June 2018, defendant, Jeremy A.L. Irons, filed a petition under the Post-

Conviction Hearing Act (Postconviction Act) (725 ILCS 5/122-1 *et seq.* (West 2018)), raising

numerous claims he was denied both his rights to due process and effective assistance of counsel.

The Champaign County circuit court advanced defendant's petition to the second stage of the

proceedings and appointed defendant counsel.  Postconviction counsel filed an amended petition

asserting (1) the court erred by imposing consecutive sentences, (2) defendant was denied a fair

and impartial sentencing hearing because the court considered incompetent evidence, and

(3) defendant received ineffective assistance of trial and appellate counsel.  The State filed a

motion to dismiss defendant's amended postconviction petition.  In an April 2019 written order,

the court granted the State's motion to dismiss.

¶ 3        Defendant appeals, asserting (1)(a) the circuit court erred by granting the State's motion to dismiss his amended postconviction petition because he made a substantial showing of ineffective assistance of counsel based on counsel's advice regarding the possibility of discretionary consecutive sentences or, (b) in the alternative, he was denied reasonable assistance of postconviction counsel because counsel failed to attach defendant's own affidavit to the amended postconviction petition and (2) the court violated his procedural due process rights by granting the State's motion to dismiss on bases not raised in the State's motion to dismiss. We affirm.

¶ 4                                I. BACKGROUND

¶ 5        In January 2015, the State charged defendant with aggravated domestic battery (720 ILCS 5/12-3.3 (West 2014)) and intimidation (720 ILCS 5/12-6(a)(1) (West 2014)). Later, the State charged defendant with two counts of domestic battery (720 ILCS 5/12-3.2(a)(2) (West 2014)). All four charges related to defendant's actions against Sada Hoskins on December 31, 2014, and the early morning hours of January 1, 2015. The charging documents did not mention the possibility of discretionary consecutive sentences. The circuit court also did not mention the possibility of discretionary consecutive sentencing at defendant's arraignment. In March 2015, the court held defendant's jury trial. At the conclusion of the trial, the jury found defendant guilty of aggravated domestic battery, intimidation, and domestic battery.

¶ 6        At defendant's April 2015 sentencing hearing, the State asked the circuit court to sentence defendant to 14 years on the aggravated domestic battery count and impose a consecutive sentence on the intimidation count. Defense counsel asked for an aggregate prison term of three years. The court sentenced defendant to consecutive prison terms of 14 years for

aggravated domestic battery and 6 years for intimidation (domestic battery merged with the aggravated domestic battery count). In giving its sentence, the court explained no statutory mitigating factors applied to defendant, but it did find defendant's age, 27, was a mitigating factor. In aggravation, the court noted defendant's prior criminal history and deterrence. The court stated, "The history, character and condition of this Defendant indicates that he is an incredibly violent individual with women and he maintains control" and "is the ultimate definition of what a domestic batterer is."

¶ 7        Defendant appealed and argued (1) he was deprived of his right to a fair trial because the circuit court allowed the jury to hear excessive other-crimes evidence; (2) his sentence was excessive in light of his youth, criminal background, and lack of serious injury to Hoskins; and (3) his assessments should be reduced from $553 to $351. This court affirmed defendant's convictions and sentences but remanded the cause for the circuit court to reduce defendant's outstanding assessments from $553 to $351. *People v. Irons*, 2017 IL App (4th) 150295, ¶ 43, 80 N.E.3d 134. As to sentencing, this court rejected defendant's excessive sentence argument, finding the court did not err in sentencing defendant. *Irons*, 2017 IL App (4th) 150295, ¶ 36. Defendant filed a petition for leave to appeal to the supreme court, which was denied. *People v. Irons*, No. 122926 (Ill. Jan. 18, 2018) (supervisory order).

¶ 8        In June 2018, defendant filed *pro se* his postconviction petition, raising numerous issues about his sentences and claims of ineffective assistance of counsel. To his *pro se* petition, defendant attached the following: (1) the original police report by the Illinois State Police in this case, (2) the waiver of his preliminary hearing, and (3) defendant's own affidavit. In his affidavit, defendant stated, in pertinent part, the following:

    "That at my arraignment the court informed me that I could be sentenced

- 3 -

from 3 to 7 years for the offense of Aggravated Domestic Battery, that I could be sentenced from 2 to 10 years for the offense of intimidation, and was never informed by the court, nor did the State ever give notice that it intended to seek an extended-term sentence, or consecutive sentencing against me until sentencing. During plea negotiations I was never informed by the State or my attorney that if found guilty the State would seek an extended-term sentence, or consecutive sentencing. The State and my attorney entered plea negotiations in which the State offered a 5 year plea deal. I rejected this plea offer, because there was only a 2 year difference from the maximum sentence I was told I could receive for Aggravated Domestic Battery to be served at 85%, and the close equivalent of a 10 year sentence for the offense of intimidation to be served at 50%. If I had been told that the State could, and would be able to seek an extended-term sentence of up to 14 years for the Aggravated Domestic Battery charge, and that a 10 year sentence for intimidation could be ran consecutively, and that the State would be seeking such. I would have excepted [*sic*] the 5 year plea offer in light of the percentage of chance of acquittal."

The circuit court moved defendant's petition to the second stage of the proceedings and appointed defendant counsel.

¶ 9 Postconviction counsel filed an amended petition challenging the imposition of discretionary consecutive sentences on defendant, the fairness and impartiality of defendant's sentencing hearing, and the effectiveness of trial and appellate counsel. Specifically, the amended petition asserted trial counsel was ineffective for failing to (1) file a motion to reconsider sentence, (2) request a statement of rationale for discretionary consecutive sentencing,

- 4 -

(3) object to the court taking judicial notice of a verified complaint in another case, and

(4) advise defendant about the possibility of discretionary consecutive sentences. Defendant then argued appellate counsel was ineffective for failing to raise the ineffective assistance of trial counsel issues related to discretionary consecutive sentencing and the claim the court considered incompetent evidence at the sentencing hearing. Defense counsel also explained he did not raise the other issues contained in defendant's *pro se* postconviction petition because they were frivolous or patently without merit. Defense counsel attached numerous documents to the amended petition but did not attach defendant's affidavit that was attached to his *pro se* petition. One of the attached documents was a January 13, 2015, letter from defense counsel addressing the State's five-year plea offer. In the letter, trial counsel explained defendant was extended-term eligible on both counts and must serve the aggravated domestic battery sentence at 85%. The letter also memorialized the plea agreement and noted defendant did not authorize counsel to negotiate with the State. Additionally, defense counsel filed a certificate under Illinois Supreme Court Rule 651(c) (eff. July 1, 2017).

¶ 10        In March 2019, the State filed a motion to dismiss defendant's amended postconviction petition, addressing defendant's claims in his amended postconviction petition. It did not address any claim related to the preliminary hearing. Defendant filed a reply brief responding to the State's motion to dismiss. On April 16, 2019, the circuit court entered a written order, granting the State's motion to dismiss. The court noted most of defendant's petition addressed sentencing errors and the appellate court found on review the court did not err in sentencing defendant. Thus, the court concluded the doctrine of *res judicata* dictated defendant could not raise those issues again. It then found, "[t]he other issue, waiver of preliminary hearing is properly addressed in the State's response."

¶ 11    On May 3, 2019, defendant filed a timely notice of appeal from the circuit court's April 16, 2019, judgment in compliance with Illinois Supreme Court Rule 606 (eff. July 1, 2017). Accordingly, this court has jurisdiction of defendant's appeal from the dismissal of his amended postconviction petition under Illinois Supreme Court Rule 651(a) (eff. July 1, 2017).

¶ 12                              II. ANALYSIS

¶ 13    The Postconviction Act provides a remedy for defendants who have suffered a substantial violation of constitutional rights at trial. *People v. Pendleton*, 223 Ill. 2d 458, 471, 861 N.E.2d 999, 1007 (2006). In cases not involving the death penalty, the Postconviction Act sets forth three stages of proceedings. *Pendleton*, 223 Ill. 2d at 471-72, 861 N.E.2d at 1007.

¶ 14    At the first stage, the circuit court independently reviews the defendant's postconviction petition and determines whether "the petition is frivolous or is patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2018). If it finds the petition is frivolous or patently without merit, the court must dismiss the petition. 725 ILCS 5/122-2.1(a)(2) (West 2018). If the court does not dismiss the petition, it proceeds to the second stage, where, if necessary, the court appoints the defendant counsel. *Pendleton*, 223 Ill. 2d at 472, 861 N.E.2d at 1007. Defense counsel may amend the defendant's petition to ensure his or her contentions are adequately presented. *Pendleton*, 223 Ill. 2d at 472, 861 N.E.2d at 1007. Also, at the second stage, the State may file a motion to dismiss the defendant's petition or an answer to it. *Pendleton*, 223 Ill. 2d at 472, 861 N.E.2d at 1008. If the State does not file a motion to dismiss or the court denies such a motion, the petition advances to the third stage, wherein the court holds a hearing at which the defendant may present evidence in support of his or her petition. *Pendleton*, 223 Ill. 2d at 472-73, 861 N.E.2d at 1008. In this case, the State did file a motion to dismiss, and the court granted that motion.

¶ 15    With the second stage of the postconviction proceedings, the circuit court is concerned only with determining whether the petition's allegations sufficiently show a constitutional infirmity that would necessitate relief under the Postconviction Act. *People v. Coleman*, 183 Ill. 2d 366, 380, 701 N.E.2d 1063, 1071 (1998). At this stage, "the defendant bears the burden of making a substantial showing of a constitutional violation" and "all well-pleaded facts that are not positively rebutted by the trial record are to be taken as true." *Pendleton*, 223 Ill. 2d at 473, 861 N.E.2d at 1008. "[T]he 'substantial showing' of a constitutional violation that must be made at the second stage [citation] is a measure of the legal sufficiency of the petition's well-pled allegations of a constitutional violation, *which if proven* at an evidentiary hearing, would entitle petitioner to relief." (Emphasis in original.) *People v. Domagala*, 2013 IL 113688, ¶ 35, 987 N.E.2d 767. The court reviews the petition's factual sufficiency as well as its legal sufficiency considering the trial court record and applicable law. *People v. Alberts*, 383 Ill. App. 3d 374, 377, 890 N.E.2d 1208, 1212 (2008). However, at a dismissal hearing, the court is prohibited from engaging in any fact-finding. *Coleman*, 183 Ill. 2d at 380-81, 701 N.E.2d at 1071. Thus, the dismissal of a postconviction petition at the second stage is warranted only when the allegations in the petition, liberally construed in light of the trial record, fail to make a substantial showing of a constitutional violation. *Coleman*, 183 Ill. 2d at 382, 701 N.E.2d at 1072. We review *de novo* the circuit court's dismissal of a postconviction petition at the second stage. *Pendleton*, 223 Ill. 2d at 473, 861 N.E.2d at 1008.

¶ 16                    A. Effective Assistance of Trial Counsel

¶ 17    Defendant first asserts he made a substantial showing of ineffective assistance of counsel arising from trial counsel's failure to advise him about the possibility of discretionary consecutive sentencing. The State contends defendant failed to make a substantial showing of

- 7 -

his claim.

¶ 18 Our supreme court has "recognized a sixth amendment right to effective assistance of counsel during plea negotiations." *People v. Hale*, 2013 IL 113140, ¶ 16, 996 N.E.2d 607. Specifically, " '[a] criminal defendant has the constitutional right to be *reasonably* informed with respect to the direct consequences of accepting or rejecting a plea offer.' " (Emphasis in original.) *Hale*, 2013 IL 113140, ¶ 16 (quoting *People v. Curry*, 178 Ill. 2d 509, 528, 687 N.E.2d 877, 887 (1997)). That right "extends to the decision to reject a plea offer, even if the defendant subsequently receives a fair trial." *Hale*, 2013 IL 113140, ¶ 16.

¶ 19 This court analyzes ineffective assistance of counsel claims under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *People v. Evans*, 186 Ill. 2d 83, 93, 708 N.E.2d 1158, 1163 (1999). To obtain reversal under *Strickland*, a defendant must prove (1) his counsel's performance failed to meet an objective standard of competence and (2) counsel's deficient performance resulted in prejudice to the defendant. *Evans*, 186 Ill. 2d at 93, 708 N.E.2d at 1163. To satisfy the deficiency prong of *Strickland*, the defendant must demonstrate counsel made errors so serious and counsel's performance was so deficient that counsel was not functioning as "counsel" guaranteed by the sixth amendment (U.S. Const., amend. VI). *Evans*, 186 Ill. 2d at 93, 708 N.E.2d at 1163. Further, the defendant must overcome the strong presumption the challenged action or inaction could have been the product of sound trial strategy. *Evans*, 186 Ill. 2d at 93, 708 N.E.2d at 1163. To satisfy the prejudice prong, the defendant must prove a reasonable probability exists that, but for counsel's unprofessional errors, the proceeding's result would have been different. *Evans*, 186 Ill. 2d at 93, 708 N.E.2d at 1163-64. The *Strickland* Court noted a case should be decided on the ground of lack of sufficient prejudice rather than counsel's constitutionally deficient representation if it is easier to do so.

*Strickland*, 466 U.S. at 697.

¶ 20        Regarding prejudice in the context of a plea offer, the United States Supreme Court has held a defendant must show a reasonable probability of the following: (1) he or she would have accepted the plea offer but for counsel's deficient advice, (2) the plea would have been entered without the State canceling it, (3) the circuit court would have accepted the plea bargain, and (4) "the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time." *Missouri v. Frye*, 566 U.S. 134, 147 (2012); see also *Lafler v. Cooper*, 566 U.S. 156, 164 (2012). In *Hale*, 2013 IL 113140, ¶ 20, our supreme court found *Frye* and *Cooper* "control and the factors set forth in those cases must now be relied upon in deciding if prejudice has been shown where a plea offer has lapsed or been rejected because of counsel's deficient performance."

¶ 21        Despite *Hale* being decided in 2013, defendant's amended postconviction petition filed in January 2019 only pleaded the first of the four requirements. Paragraph 106 of defendant's amended postconviction petition addressed prejudice and stated the following:

> "The Defendant was prejudiced by Trial Counsel's failure to advise him of the possibility of permissive consecutive sentencing. Had the Defendant been made aware of this possible sentencing range from five (5) to nineteen (19) years, the Defendant would have accepted the State's offer."

Since defendant only pleaded one of the four elements for establishing prejudice, defendant's amended postconviction petition failed to plead prejudice, a legal deficiency. Given the claim's legal deficiency, we do not need to address the sufficiency of defendant's factual support to determine whether he made a substantial showing of a constitutional violation on this claim. Accordingly, we find the circuit court's dismissal of this claim at the second stage of the

proceedings was proper.

¶ 22                                    B. Reasonable Assistance of Counsel

¶ 23           In the alternative, defendant contends postconviction counsel did not provide reasonable assistance because counsel failed to attach defendant's own affidavit that was attached to his *pro se* postconviction petition.  In his appellant brief, defendant does not raise any other issues with postconviction counsel's representation.  Since this court did not find the failure to attach defendant's affidavit to the amended postconviction petition was the reason his claim of ineffective assistance of counsel did not make a substantial showing of a constitutional violation, we decline to address this alternative argument.

¶ 24           Additionally, we note Illinois Supreme Court Rule 341(h)(7) (eff. May 25, 2018) provides the following:  "Points not argued are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing."  Thus, we decline to address defendant's reasonable assistance of counsel argument raised for the first time in his petition for rehearing.

¶ 25                                    C. Due Process

¶ 26           Defendant last asserts his right to procedural due process was violated when the circuit court granted the State's motion to dismiss on bases not raised in the State's motion to dismiss.  In support of his argument, he cites cases where the reviewing court found the circuit court committed reversible error by dismissing the defendant's postconviction petition beyond the 90 days and without the State filing a motion to dismiss.  See *People v. Starks*, 2012 IL App (2d) 110324, ¶ 24, 975 N.E.2d 71; *People v. Greer*, 341 Ill. App. 3d 906, 910, 793 N.E.2d 217, 221 (2003).  The State contends defendant was afforded due process.

¶ 27           "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.' " *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)

(quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). This court has found a violation of due process when the circuit court has granted the State's motion to dismiss the defendant's postconviction petition two days after the State filed it. *People v. Al Momani*, 2016 IL App (4th) 150192, ¶ 10, 55 N.E.3d 725. We noted the defendant "was given neither notice nor an opportunity to be heard." *Al Momani*, 2016 IL App (4th) 150192, ¶ 10. Here, the State filed a motion to dismiss, and defendant filed a reply to the State's motion. The circuit court's ruling was very brief for the number of claims defendant raised in his amended postconviction petition, and the court did seem to allude to an issue not raised in the amended petition. However, unlike the defendants in the cases cited by defendant and in *Al Momani*, defendant was given a meaningful opportunity to be heard on the State's motion. While the circuit court appears to have confused defendant's original petition and the amended petition at times in its dismissal order, defendant could have addressed the court's mistakes in its written dismissal order by filing a motion to reconsider or appealing the dismissal judgment. As stated, our review is *de novo* of the circuit court's dismissal of defendant's amended postconviction petition at the second stage of the proceedings. See *Pendleton*, 223 Ill. 2d at 473, 861 N.E.2d at 1008. With *de novo* review, "we may affirm the decision of the circuit court on any grounds substantiated by the record, regardless of the circuit court's reasoning." *People v. Demitro*, 406 Ill. App. 3d 954, 956, 942 N.E.2d 20, 22 (2010). As such, whatever mistakes the circuit court may have made in granting the State's motion to dismiss do not affect our review of the dismissal of defendant's amended petition at the second stage of the proceedings. Accordingly, we do not find a due process violation.

¶ 28                             III. CONCLUSION

¶ 29            For the reasons stated, we affirm the Champaign County circuit court's judgment.

- 11 -

¶ 30     Affirmed.