THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DONALD JAMES NORTON, Defendant-Appellant.

Fourth District   No. 4—90—0014

Opinion filed September 26, 1990.

Daniel D. Yuhas and Jane Raley, both of State Appellate Defender's Office, of Springfield, for appellant.

Scott H. Walden, State's Attorney, of Quincy (Kenneth R. Boyle, Robert .J. Biderman, and Dale M. Wood, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

Defendant Donald James Norton's convictions of attempt (first-degree murder), home invasion, and armed robbery were affirmed by this court. (*People v. Norton* (1989), 182 Ill. App. 3d 1109, 554 N.E.2d 1126 (unpublished order under Supreme Court Rule 23).) Defendant's amended *pro se* petition for post-conviction relief was dismissed after (1) the court appointed counsel for defendant; (2) counsel represented that he could not allege any additional claims involving deprivation of defendant's constitutional rights; and (3) counsel stated defendant's allegations were not supported by the record. Defendant appeals and argues he is entitled to a new hearing on his post-conviction petition because he was not present at the last hearing and his appointed counsel failed to advise him that he would not file a new petition for post-conviction relief. We affirm.

In his amended *pro se* petition, defendant alleged (1) his second appointed trial counsel did not have adequate time to investigate his case before trial; (2) his second appointed trial counsel coerced defendant into a bench trial; (3) defendant was not fully informed regarding the nature of a bench trial; (4) defendant was refused counsel for six days after his arrest; (5) defendant was not fully advised of his right to counsel after police interrogation; (6) defendant was denied a change of venue without due process; and (7) defendant received unfavorable pretrial publicity in the media.

A hearing on defendant's amended petition was held October 31, 1989. The prosecutor and defendant's attorney were present, defendant was not. The trial court dismissed the amended petition, but granted defendant 28 days to file a second-amended petition.

After receiving the extension of time to file a second-amended petition, defendant's appointed counsel for post-conviction relief filed a certificate pursuant to Supreme Court Rule 651(c) (107 Ill. 2d R. 651(c)), stating he (1) consulted with defendant by mail to ascertain his contentions of deprivation of constitutional rights; (2) examined the record of the trial proceedings; and (3) made any amendments to defendant's amended *pro se* petition that were necessary for an adequate presentation of defendant's contentions. At a hearing on December 26, 1989, counsel stated he was unable to make any amendments to the amended petition on file because he could not allege any deprivations of defendant's constitutional rights. Further, he stated that defendant's allegations in his amended *pro se* petition were not supported by the record.

Defendant essentially argues he was entitled to be present at the December 26, 1989, hearing because his counsel's interests were separate from his and relies on *People v. Sherman* (1981), 101 Ill. App. 3d 1131, 428 N.E.2d 1186. There, the Third District Appellate Court stated a post-conviction petitioner was entitled to notice of either his counsel's motion to withdraw or the State's motion to dismiss the petition. That court reasoned that the failure to notify the petitioner effectively deprived him of any representation at a hearing when the petition was dismissed. Counsel in *Sherman* complied with Supreme Court Rule 651(c) (107 Ill. 2d R. 651(c)).

The *Sherman* case was decided prior to *Pennsylvania v. Finley* (1987), 481 U.S. 551, 95 L. Ed. 2d 539, 107 S. Ct. 1990. In *Pennsylvania*, court-appointed counsel consulted with the post-conviction petitioner and reviewed the trial record. After concluding there was no arguable basis for collateral relief, counsel so advised the court in writing and requested permission to withdraw. The trial court then independently reviewed the record, found no meritorious issues, and dismissed the petition. On appeal in the State courts, it was concluded that *Anders v. California* (1967), 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396, required that the petitioner be given notice of his counsel's intent to withdraw and time to raise any countervailing arguments. The Supreme Court concluded in *Pennsylvania* a post-conviction petitioner is not entitled to *Anders* procedures.

After *Pennsylvania* was decided, the Third District Appellate Court in *People v. Robinson* (1987), 160 Ill. App. 3d 366, 513 N.E.2d 603, held compliance with Supreme Court Rule 651(c) was sufficient representation. There, a post-conviction petitioner alleged he was entitled to the *Anders* procedures. The *Robinson* court rejected petitioner's argument and relied on *Pennsylvania*.

■■ ■ We find the *Robinson* case is dispositive of defendant's issue. There is no allegation that defendant's counsel did not consult with defendant. Further, defendant has not (1) alleged that his counsel's failure to amend his *pro se* petition resulted in the omission of a significant allegation, or (2) suggested the manner in which the petition should have been amended. (See *People v. Dodd* (1974), 58 Ill. 2d 53, 56, 317 N.E.2d 28, 30 (absent such allegation, adequate representation will be found).) We find defendant received adequate representation on his post-conviction petition.

For the foregoing reasons, the order of the trial court is affirmed.

Affirmed.

LUND and SPITZ, JJ., concur.