THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JEREMY GREER, Defendant-Appellant.

Fourth District   No. 4—01—1157

Opinion filed July 18, 2003.

Daniel D. Yuhas and Jenifer L. Johnson, both of State Appellate Defender's Office, of Springfield, for appellant.

John P. Schmidt, State's Attorney, of Springfield (Norbert J. Goetten and Robert J. Biderman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE COOK delivered the opinion of the court:

Defendant, Jeremy Greer, is a prisoner in the custody of the Illinois Department of Corrections. In 1993, defendant pleaded guilty to one count of first degree murder and received a 60-year prison sentence. This court affirmed defendant's conviction and sentence on direct appeal in *People v. Greer*, No. 4—95—0867 (June 28, 1996) (unpublished order under Supreme Court Rule 23).

On December 12, 2000, defendant filed *pro se* a petition pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122—1 through 122—8 (West 2000)). Defendant's petition began with an argument that his petition should not be dismissed as untimely pursuant to section 122—1(c) of the Act because the delay in bringing the petition was not due to his culpable negligence. See 725 ILCS 5/122—1(c) (West 2000). Defendant then alleged that he had been denied effective assistance of appellate counsel and that his guilty plea was not voluntary. According to defendant, his trial counsel told him that he would be eligible for the death penalty if he went to trial and was found guilty and that the State had agreed to a 45-year prison sentence in exchange for a guilty plea. Defendant further alleged that he was not actually eligible for the death penalty, and there was no agreement to 45 years. Therefore, defendant argued, his guilty plea was involuntary because he would not have pleaded guilty had he not been misinformed about a plea agreement or his eligibility for the death penalty.

■ Although defendant filed his petition on December 12, 2000, the petition did not come to the attention of the trial court until July 10, 2001, more than 90 days later. The Act provides that if a postconviction petition is not acted upon by the trial court within 90 days of its filing, then the court must docket the petition for further consideration in accordance with sections 122—4 through 122—6 of

the Act. 725 ILCS 5/122—2.1(b) (West 2000). Section 122—4 provides for appointment of counsel to represent defendant. 725 ILCS 5/122—4 (West 2000). Appointed counsel is obligated to consult with the defendant to ascertain his contentions of deprivations of constitutional rights, examine the record of proceedings at trial, and make any amendments to the petition that are necessary for an adequate presentation of defendant's contentions. See 134 Ill. 2d R. 651(c); see also *People v. Norton*, 203 Ill. App. 3d 571, 573-74, 561 N.E.2d 348, 350 (1990) (finding a defendant receives sufficient representation of counsel in a postconviction proceeding under the Act when counsel complies with Supreme Court Rule 651(c)). Section 122—5 places an obligation and time frame on the State to either answer the petition or file a motion to dismiss. 725 ILCS 5/122—5 (West 2000). If the petition is not dismissed on the State's motion, then section 122—6 provides for an evidentiary hearing and final disposition of the petition in the trial court. 725 ILCS 5/122—6 (West 2000). The trial court in this case accordingly entered a docket order on July 18, 2001, which appointed counsel to represent defendant with directions for counsel to prepare an amended petition within 60 days and for the State to respond to the amended petition within 30 days.

After a continuance, defendant's appointed counsel filed a motion for leave to withdraw as counsel and an *Anders* brief on October 11, 2001. See *Anders v. California*, 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967). In the motion, defendant's counsel alleged that he had consulted with defendant and reviewed the record and interviewed potential witnesses, but he could not find any basis on which to present any meritorious issue for review. The State never filed a response to defendant's petition. The trial court granted appointed counsel's motion to withdraw at a hearing on December 18, 2001, and dismissed defendant's petition *sua sponte*. Defendant appeals the December 18, 2001, order.

Defendant raises two arguments on appeal. First, defendant argues that he was deprived of his statutory right to counsel when the trial court granted appointed counsel's motion for leave to withdraw. Second, defendant argues that the circuit court erred in dismissing his petition *sua sponte* where the State had never filed a motion to dismiss. We address each argument in turn.

■ We begin with defendant's argument that he was deprived of his statutory right to counsel. This court has held that a defendant receives sufficient representation of counsel in a postconviction proceeding under the Act when counsel complies with Supreme Court Rule 651(c) (134 Ill. 2d R. 651(c)), even if appointed counsel moves to withdraw upon finding no meritorious issues to present. *Norton*, 203

Ill. App. 3d at 573, 561 N.E.2d at 350. Defendant does not allege that appointed counsel did not comply with the requirements of Rule 651(c) or that appointed counsel was incorrect in his assessment that there were no meritorious issues to present. Therefore, under this court's precedent, defendant received adequate representation on his postconviction petition. *Norton*, 203 Ill. App. 3d at 574, 561 N.E.2d at 350; see also *Pennsylvania v. Finley*, 481 U.S. 551, 558, 95 L. Ed. 2d 539, 548, 107 S. Ct. 1990, 1995 (1987) (finding that defendants in collateral proceedings do not have a right to counsel beyond that to which they are entitled under state law).

Defendant's argument that he was deprived of his statutory right to counsel is based upon the Third District's recent decision in *People v. McKenzie*, 323 Ill. App. 3d 592, 752 N.E.2d 1256 (2001). In *McKenzie*, the court held that counsel appointed to represent a defendant in a postconviction proceeding may never move to withdraw as counsel because such a procedure is not provided for in the Act. *McKenzie*, 323 Ill. App. 3d at 595-96, 752 N.E.2d at 1260. The court reasoned that since the Act does not provide a method for withdrawal of counsel once one is appointed, the legislature intended for a defendant to be represented through the final disposition of the postconviction petition. The court concluded that "satisfaction of the provisions of Supreme Court Rule 651(c) cannot restrict or circumscribe the legislative grant of counsel." *McKenzie*, 323 Ill. App. 3d at 597, 752 N.E.2d at 1261. Therefore, defendant argues, regardless of whether appointed counsel complied with Supreme Court Rule 651(c), under the holding in *McKenzie*, the trial court's order granting appointed counsel's motion to withdraw must be reversed.

■■We decline to follow *McKenzie*. When an attorney is appointed to represent a defendant in a postconviction proceeding, she has duties above and beyond the procedures set forth in the Act. Rule 651(c) requires appointed counsel to make any changes to the defendant's postconviction petition necessary to adequately present a claim. If the petition does not need to be amended, then counsel can say so. In either case, whether counsel files an amended petition or signs off on defendant's original petition, counsel is putting her signature on the petition. Pursuant to Supreme Court Rule 137, that signature certifies that the attorney believes the petition is "well grounded in fact and is warranted by existing law," and that the petition "is not interposed for any improper purpose." 134 Ill. 2d R. 137. If the attorney does not believe that the petition can be amended or presented to state a meritorious issue, then the attorney is legally and ethically required not to sign that petition. Under the holding in *McKenzie*, however, appointed counsel would be forced to put her signature on a petition

that she knew to be frivolous in order to comply with Rule 651(c) because she could not move for leave to withdraw. Such a requirement is simply untenable. We therefore reject it.

■ We next address defendant's argument that the trial court erred when it dismissed defendant's petition *sua sponte*. Defendant argues that regardless of whether the trial court properly granted appointed counsel's motion to withdraw, it was error for the trial court to then dismiss defendant's petition because the State had not filed a motion to dismiss. This argument has merit.

The fact that counsel has been granted leave to withdraw does not mean that the postconviction petition is dismissed. The trial court's power to dismiss a postconviction petition *sua sponte* on the basis that the petition is frivolous or patently without merit must be exercised within 90 days after the filing of the petition. See 725 ILCS 5/122–2.1(a)(2), (b) (West 2000). After that, the trial court can no longer dismiss the petition *sua sponte*. Instead, the State is required to file an answer or a motion to dismiss. 725 ILCS 5/122–5 (West 2000). In this case, the court had lost its power to dismiss the petition *sua sponte*, and the State filed no motion to dismiss for the court to grant. The court therefore erred in dismissing defendant's petition. See, *e.g.*, *People v. Kitchen*, 189 Ill. 2d 424, 434-35, 727 N.E.2d 189, 194 (1999) (finding it was error for trial court to dismiss defendant's postconviction petition where the only issue before it was the breadth and necessity of discovery requests and the State had not filed a motion to dismiss).

In conclusion, we find that counsel appointed pursuant to the Act may move for leave to withdraw if he or she complies with Rule 651(c) and can demonstrate that no meritorious issues can be presented for review. Defendant does not argue that his appointed counsel did not comply with Rule 651(c) or that appointed counsel was incorrect in the assessment that there were no meritorious issues to present. We therefore affirm that part of the trial court's order granting appointed counsel's motion to withdraw. We also find that the trial court erred in dismissing defendant's petition *sua sponte* because its power to do so had expired and there was no motion to dismiss on file for the trial. court to grant. We therefore reverse that part of the trial court's order dismissing defendant's petition and remand for further proceedings.

Affirmed in part, reversed in part, and remanded.

MYERSCOUGH, P.J., and KNECHT, J., concur.