# ILLINOIS OFFICIAL REPORTS

## Appellate Court

*People v. Starks*, 2012 IL App (2d) 110324

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BENNIE STARKS, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-11-0324 |
| Filed<br>Modified upon denial<br>of rehearing | June 20, 2012<br><br>August 24, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The judgment dismissing *sua sponte* defendant's 2006 postconviction petition for lack of standing and the trial court's holding that defendant needed leave of court to file his 2006 petition and his 2007 supplemental petition were reversed where the dismissal occurred more than 90 days after the petition was filed and the trial court no longer had the power to dismiss the petition, and defendant did not need leave of the court because he alleged his actual innocence based on DNA test results excluding him as the source of the semen found on the victim; therefore, in the interest of judicial economy, the cause was remanded for a third-stage evidentiary hearing. |
| Decision Under Review | Appeal from the Circuit Court of Lake County, No. 86-CF-106; the Hon. John T. Phillips, Judge, presiding. |
| Judgment | Reversed and remanded. |

| Counsel on Appeal | Ronald S. Safer, Theresa M. Williams, and Brooke M. Schaefer, all of Schiff Hardin LLP, and Lauren F. Kaeseberg, both of Chicago, Jed H. Stone, of Stone & Associates, of Waukegan, Vanessa Potkin and Barry C. Scheck, both of Innocence Project, of New York, New York, and John Curnyn, of Law Office of John Curnyn, of Evanston, for appellant. |
| | |
| | Michael J. Waller, State's Attorney, of Waukegan (Lawrence M. Bauer and Richard S. London, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| | |
| Panel | JUSTICE McLAREN delivered the judgment of the court, with opinion. Presiding Justice Jorgensen and Justice Schostok concurred in the judgment and opinion. |

**OPINION**

¶ 1    Defendant, Bennie Starks, appeals from the trial court's dismissal of petitions he filed under the Post-Conviction Hearing Act (the Act) (725 ILCS 5/122-1 *et seq.* (West 2010)). In his petitions, defendant alleged his actual innocence of aggravated battery of which he was convicted in 1986. On appeal, defendant argues that the trial court erred by: (1) dismissing his 2006 petition for lack of standing; and (2) holding that defendant needed leave to file his 2006 petition and his 2007 supplemental petition. We reverse and remand.

¶ 2                                  I. BACKGROUND

¶ 3    In 1986, after a jury trial defendant was convicted of two counts of aggravated criminal sexual assault (Ill. Rev. Stat. 1985, ch. 38, ¶ 12-14(a)(2), (a)(5) (now 720 ILCS 5/12-14(a)(2), (a)(5) (West 2010))), one count of attempted aggravated criminal sexual assault (Ill. Rev. Stat. 1985, ch. 38, ¶ 8-4(a) (now 720 ILCS 5/8-4(a) (West 2010))), one count of aggravated battery (Ill. Rev. Stat. 1985, ch. 38, ¶ 12-4(b)(10) (now 720 ILCS 5/12-3.05(d)(1) (West 2010))), and one count of unlawful restraint (Ill. Rev. Stat. 1985, ch. 38, ¶ 10-3 (now 720 ILCS 5/10-3 (West 2010))), for the attack of complainant, a 68-year-old woman. The trial court vacated the unlawful restraint conviction and imposed concurrent extended terms of 60 years' imprisonment for the two aggravated criminal sexual assault convictions, 30 years' imprisonment for attempted aggravated criminal sexual assault, and 10 years' imprisonment for aggravated battery.

¶ 4    This matter is before this court for the fourth time. Other issues were addressed by this court in our decision on direct appeal in *People v. Starks* (*Starks I*), No. 2-86-1021 (1988)

(unpublished order under Supreme Court Rule 23). In the second appeal, we reversed the trial court's dismissal of defendant's 2002 postconviction petition and remanded the case for a new trial. *People v. Starks* (*Starks II*), 365 Ill. App. 3d 592, 601 (2006). In the third appeal, we affirmed the trial court's granting of defendant's motion *in limine* to exclude the prior testimony of the now-deceased complainant on retrial. *People v. Starks* (*Starks III*), 2012 IL App (2d) 110273, ¶ 16. We will provide only those facts necessary for an understanding of the issues raised on appeal. Further, we will provide factual details as necessary in the analysis portion of this opinion.

¶ 5    The indictment for aggravated battery alleged, in pertinent part, that "defendant *** caused bodily harm to [complainant], a person over the age of sixty (60) years, in that he choked her, hit her in the face, knocked her to the ground, and bit her."

¶ 6    During the trial, complainant testified that on the evening of January 18, 1986, defendant grabbed her neck, threw her to the ground, repeatedly punched her face, and pulled her, feet first, down a ravine, hitting her all over her body and biting her on the shoulder. At the bottom of the ravine, defendant took off complainant's underpants and put his penis in her vagina. Complainant testified that she believed that defendant ejaculated in her.

¶ 7    The State's forensic serologist, Sharon Thomas-Boyd, testified that test results indicated the presence of semen on the underpants that complainant wore during the alleged incident. Further, semen was present on the vaginal swab collected from complainant. Thomas-Boyd testified that, based on samples collected from defendant, she could not exclude him as a source of the semen.

¶ 8    Dentist and forensic odontologist Russell Schneider testified that he examined a large bite mark on complainant's shoulder and compared it to photos, X rays, and a model of defendant's teeth and bite. After comparing defendant's bite to the photo of the bite mark on complainant's shoulder, Schneider opined that defendant bit complainant.

¶ 9    During closing argument the prosecutor argued that defendant was the man who raped, beat, and bit complainant. The prosecutor stated the following.

"Now, the evidence clearly has shown that on January 18, 1986, [defendant] brutally beat and raped [complainant]."

"[T]he defendant wanted to subject [complainant] to the most brutal and senseless beating and raping he could."

"There is no doubt the [complainant] was brutally beaten that night. Now, who caused these injuries to [complainant]? Who put [her] through this hellish nightmare, this torture and pain? It was defendant, Bennie Starks. This man, on January 18th, 1986, for some reason, beat and raped [her]."

"[W]e have [complainant], when asked to identify the person who raped [her] *** walked over to the defendant *** saying, 'This is the person who raped and beat me.' "

The prosecutor used the now-discredited scientific evidence to argue that defendant was guilty of all charges, stating:

"I ask you to look at that evidence. *** All that points to the defendant, that he was there, that he raped [complainant], and beat her. And then you have scientific evidence, the

conclusion is the same. The defendant was there, he inflicted that bite mark, that semen was his. He was there, and on that night, he raped and beat [her]. Based on that evidence, I would ask that you find the defendant guilty of all charges."

¶ 10    On appeal, in *Starks I*, this court vacated the conviction of and sentence for one count of aggravated criminal sexual assault. Further, we reduced defendant's sentences for attempted aggravated criminal sexual assault to 15 years and for aggravated battery to 5 years. *Starks I*, slip order at 26.

¶ 11    On March 1, 2006, while defendant's appeal in *Starks II*, 365 Ill. App. 3d 592, was still pending, he filed another postconviction petition asserting his innocence based on new evidence. The new evidence consisted of DNA test results taken from complainant's vaginal swab, which excluded defendant as the source of the semen. Defendant also sought "access to the bite mark evidence, the trial exhibits, which are currently being stored with the Clerk of Court for an independent examination." Defendant cited studies calling the reliability of bite mark comparison evidence into question. Defendant requested "that his convictions be vacated" and that he be allowed to amend his petition in the event this court remanded the cause then on appeal.

¶ 12    During two status calls before Judge Starck, defendant's counsel reminded the court that it had taken the petition under advisement and had set May 17, 2006, as a status date. Judge Starck expressed concern that the issues in defendant's petition might be moot based upon this court's pending ruling. On May 30, 2006, 90 days after defendant filed his 2006 petition, Judge Starck declined to rule on it, stating, "If I don't rule on it, then we automatically go to the second stage." Judge Starck also stated:

"Part of my feeling is too that while your post-conviction petition attempted to address a number of counts, some of it may be moot regardless because of the Appellate Court reversal of part of the case, a large part of the case. So[,] I'm not sure that I would be inclined to rule on it anyway. But[,] nonetheless[,] I will not issue a ruling today. Whether it's within 90 days or not, I will not be issuing a ruling today on the case."

¶ 13    On March 23, 2006, this court filed *Starks II*, 365 Ill. App. 3d 592. In *Starks II*, we considered the trial court's dismissal of defendant's 2002 postconviction petition seeking a new trial based on DNA tests that excluded him as the source of the semen obtained from complainant's vaginal swab and underwear. *Id.* at 596. Based on the DNA tests, the 1986 serology test results were contrary to the trial testimony of Thomas-Boyd; the serology results actually excluded defendant as the source of the semen. *Id.* We held that a new trial was required on the aggravated criminal sexual assault and attempted aggravated criminal sexual assault charges, due to the DNA results excluding defendant as the source of the semen, Thomas-Boyd's incorrect testimony, and the improper use of the rape shield statute. *Id.* at 599, 600. We stated that defendant's conviction of aggravated battery was "not subject to this appeal." *Id.* at 596.

¶ 14    On October 4, 2006, defendant was released on appeal bond. The Illinois Supreme Court denied the State's petition for leave to appeal on November 29, 2006. See *People v. Starks*, 222 Ill. 2d 595 (2006) (table). On January 17, 2007, this court remanded the matter to the trial court for a new trial.

¶ 15    On January 26, 2007, defendant filed in open court a supplemental petition to his 2006 petition. Defendant stated that, because his "convictions for aggravated criminal sexual assault and attempt aggravated criminal sexual assault have been vacated, he now seeks vacatur and a new trial on his only remaining sentence, aggravated battery." Defendant argued that the following established his actual innocence of aggravated battery: complainant's testimony that she was raped and beaten by a single man and that she had not engaged in consensual intercourse for weeks prior to the attack; and defendant's exclusion as the source of the semen. Defendant essentially alleged that, had the jury heard that he could not have been the source of the semen instead of hearing the now-discredited evidence that he was most likely the source of the semen, the outcome of the trial would probably have been different on the aggravated battery charge. Defendant also sought access to the bite mark evidence to support his claim of actual innocence and establish his claim of ineffective assistance of counsel.

¶ 16    On October 9, 2007, Judge Starck reassigned the case to Judge Phillips. However, the case was set for retrial on the charges subject to *Starks II*. Prior to retrial, defendant filed a motion *in limine* to exclude the prior testimony of the now-deceased complainant. *Starks III*, 2012 IL App (2d) 110273, ¶ 16. On January 5, 2011, Judge Phillips granted defendant's motion *in limine*.[1]

¶ 17    On the same day, Judge Phillips dismissed defendant's 2006 petition and 2007 supplemental petition, stating:

> "Defendant's claim in his memorandum that because Judge Starck did not take action on the 2006 document within the 'statutory 90-day window' the petition has advanced to the second stage is both incorrect in law and fact."

Judge Phillips determined that defendant failed to seek leave of court to file successive postconviction petitions under section 122-1(f) of the Act. Judge Phillips stated:

> "[D]efendant was required to obtain leave of Court to file his successive post-conviction petitions; that leave was never granted to do so by either Judge Starck or me; and that no implied leave to file the petitions or waiver of the requirement by action or inaction has taken place."

Judge Phillips also determined that defendant did not have standing under the Act, because he had completed his sentence for his aggravated battery conviction. Judge Phillips stated:

> "And particularly I would note that as to [defendant's] conviction of aggravated battery, the defendant's liberty is not restrained in any way. His sentence on this charge was served and completed more than 19 years ago. Defendant was not serving consecutive sentences; he was serving concurrent sentences.
>
> So the exception that the Illinois Supreme Court discussed in *Carrera* which arose in *People versus Pack* doesn't assist the defendant in his argument for standing here.
>
> I therefore find that [defendant] does not have standing to pursue post-conviction relief as to the 1986 conviction for aggravated battery, that he has completed the sentence

---

[1]On February 14, 2012, we affirmed the trial court's granting of defendant's motion. *Id.* ¶ 40.

on this conviction, and is precluded from using the Post-Conviction Act's provisions to purge this criminal record."

¶ 18 Defendant filed a motion to reconsider on February 4, 2011, which the trial court denied on March 1, 2011. Defendant filed his notice of appeal on March 29, 2011.

¶ 19                                II. ANALYSIS

¶ 20 Defendant argues that the trial court erred when it dismissed his 2006 postconviction petition for lack of standing. The record indicates that Judge Phillips raised *sua sponte* the issue of standing, after first determining that defendant's 2006 petition had not advanced to the second stage. To determine whether Judge Phillips had the power to dismiss *sua sponte* defendant's 2006 petition, based on lack of standing, we must first determine whether he dismissed defendant's petition at the first or the second stage.

¶ 21 The Act provides a three-stage process for the adjudication of postconviction petitions. *People v. Pendleton*, 223 Ill. 2d 458, 471-72 (2006). At the first stage, after a petition for postconviction relief has been filed, the trial court has 90 days to review the petition to determine if it is frivolous or patently without merit. 725 ILCS 5/122-2.1(a)(2) (West 2010). If the petition is not dismissed within 90 days, then the petition moves on to stage two of the postconviction proceeding. 725 ILCS 5/122-2.1(b) (West 2010). Further, if the initial 90-day period passes without the trial court examining the petition, "the petition must proceed to the second stage." *People v. Harris*, 224 Ill. 2d 115, 130 (2007).

¶ 22 In this case, it is undisputed that the 90-day period had passed. Judge Starck acknowledged this when, on May 30, 2006, 90 days after defendant filed his 2006 petition, he stated:

"If I don't rule on it, then we automatically go to the second stage. *** But[,] nonetheless[,] I will not issue a ruling today. Whether it's within 90 days or not, I will not be issuing a ruling today on the case."

Judge Phillips dismissed defendant's 2006 petition on January 5, 2011. Thus, there is no doubt that the initial 90-day period passed without the trial court examining defendant's petition. Accordingly, Judge Phillips dismissed defendant's 2006 petition during the second stage of the postconviction proceedings.

¶ 23 The trial court's power to dismiss a postconviction petition *sua sponte* on the basis that the petition is frivolous or patently without merit must be exercised during the first stage, within 90 days after the filing of the petition. See 725 ILCS 5/122-2.1(a)(2), (b) (West 2010). After that, the trial court can no longer dismiss the petition *sua sponte*. *People v. Greer*, 341 Ill. App. 3d 906, 910 (2003). Instead, the proceeding moves on to the second stage where the court may rule only upon the State's answer or motion to dismiss. See 725 ILCS 5/122-5 (West 2010); *Greer*, 341 Ill. App. 3d at 910.

¶ 24 In this case, when the 90 days had passed, the trial court lost its power to dismiss *sua sponte* defendant's 2006 petition for lack of standing. See *id.* at 910; see also *People v. Steward*, 406 Ill. App. 3d 82, 90 (2010) (lack of standing is proper basis for dismissal at the first stage of postconviction proceeding). Further, the State did not file a motion to dismiss

for the court to grant. Therefore, the trial court committed reversible error by dismissing defendant's 2006 petition. See *People v. Kitchen*, 189 Ill. 2d 424, 434-35 (1999) (holding it was error for trial court to dismiss defendant's postconviction petition where the only issue before it was the breadth and necessity of discovery requests and the State had not filed a motion to dismiss); see also *Greer*, 341 Ill. App. 3d at 910.[2]

¶ 25 Next, defendant argues that the trial court erred by holding that he needed leave to file his 2006 petition and his 2007 supplemental petition. Generally, the Act requires a defendant to obtain leave of court to file a successive postconviction petition. 725 ILCS 5/122-1(f) (West 2010). Section 122-1(f) provides, in part:

"Only one petition may be filed by a petitioner under this Article without leave of the court. Leave of court may be granted only if a petitioner demonstrates *cause* for his or her failure to bring the claim in his or her initial post-conviction proceedings and *prejudice* results from that failure." (Emphases added.) *Id.*

However, a defendant is excused from showing cause and prejudice if his successive petition sets forth a claim of actual innocence. *People v. Ortiz*, 235 Ill. 2d 319, 330 (2009). "[T]he due process clause of the Illinois Constitution affords postconviction petitioners the right to assert a freestanding claim of actual innocence based on newly discovered evidence." *Id.* at 331. A defendant must support his claim of actual innocence with evidence that is: newly discovered; material and not merely cumulative; and of such a conclusive nature that it would probably change the result on retrial. *Id.* at 333.

¶ 26 In this case, defendant's 2006 petition was supported with the newly discovered DNA test results excluding defendant as the source of the semen found on complainant's vaginal swab contained in the rape kit. The vaginal swab was not located until May 2004 and defendant did not receive the DNA test results until December 14, 2005. Therefore, the evidence is newly discovered.

¶ 27 In addition, the evidence is material because it excludes defendant as the source of the semen taken from complainant's vagina after the alleged rape. Further, the evidence is not cumulative. Evidence is cumulative when it adds nothing to what was previously before the jury. *Id.* at 335. The original postconviction DNA test excluded defendant as the source of the semen found on complainant's underwear. The new DNA test excluded defendant as the source of the semen found in complainant's vagina. The new DNA evidence thus is different from the prior DNA evidence and was not previously before the jury. Therefore, it is not cumulative.

¶ 28 In addition, the evidence is of such a conclusive nature that it would probably change the result on retrial. The State argues that there are uncontroverted facts that demonstrate that defendant was guilty of aggravated battery. The State notes the following evidence. Complainant identified defendant in a photographic lineup, shortly after the alleged attack. Complainant testified that she scratched defendant during the attack and defendant had

---

[2]We are aware of a recent split of authority regarding standing as evidenced by *People v. Henderson*, 2011 IL App (1st) 090923, and *People v. Jones*, 2012 IL App (1st) 093180. However, because the issue of standing is no longer a viable issue in this appeal, we need not address it further.

scratch marks on him. Complainant testified that defendant bit her on the shoulder and Schneider found 62 similar characteristics between the bite mark on her and an impression taken of defendant's mouth. Some of defendant's items were recovered at the scene of the alleged attack. However, when these facts are considered in light of the new DNA evidence, it is probable that the result would change on retrial.

¶ 29    At trial, complainant alleged that she was attacked by a single person; one man who beat, bit, and raped her. The jury heard testimony that the semen found in complainant's vagina was scientifically linked to defendant. This evidence provided strong corroboration for the other evidence presented by the State. However, defendant maintained that he was robbed of his belongings the night of the attack. He has always maintained his innocence. Further, the bite mark evidence has been discredited by a report by two odontologists who examined it. The report states that the method used by the State's forensic odontologists in 1986 has since been rejected by its own creators. The report also states that the State's odontologists misapplied the methodology and used flawed preservation and photography techniques. Accordingly, we determine that the new DNA and bite mark evidence is of such a conclusive nature that it would probably change the result on retrial. Thus, defendant did not require leave to file his 2006 petition or his 2007 supplemental petition. Therefore, we reverse and remand.

¶ 30    Regarding the procedure to be followed on remand, in this case the trial court did not determine defendant's 2007 supplemental petition to be frivolous or patently without merit within 90 days, and it erroneously concluded that defendant failed to obtain leave of court. Thus, the 2007 supplemental petition was at the second stage when defendant filed his appeal.[3] See *People v. Inman*, 407 Ill. App. 3d 1156, 1163 (2011).

¶ 31    At the second stage, the relevant inquiry is whether the petition establishes a substantial showing of a constitutional violation. *People v. Harris*, 224 Ill. 2d 115, 126 (2007). A freestanding claim of actual innocence is cognizable under the Act because a wrongful conviction of an innocent person violates due process under the Illinois Constitution. *People v. Washington*, 171 Ill. 2d 475, 489 (1996). Thus, here, the relevant inquiry is whether defendant has made a substantial showing of actual innocence such that a third-stage evidentiary hearing is warranted. *People v. Lofton*, 2011 IL App (1st) 100118, ¶ 34.

¶ 32    Our review of the dismissal of a petition at the second stage of postconviction proceedings is *de novo*. *People v. Kirkpatrick*, 2012 IL App (2d) 100898, ¶ 13. Further, all well-pleaded facts that are not positively rebutted by the trial record are taken as true. *People v. Pendleton*, 223 Ill. 2d 458, 473 (2006). After reviewing defendant's 2007 supplemental petition, which incorporated his 2006 petition, we have determined that it made a substantial showing of actual innocence. The evidence upon which his actual innocence claim was based was newly discovered, material, and not merely cumulative, and the evidence was likely to change the result on retrial. *Lofton*, 2011 IL App (1st) 100118, ¶ 37. Therefore, in the interest of judicial economy, we remand this case for a third-stage evidentiary hearing. See Ill. S. Ct.

---

[3]We note that the State failed to move to dismiss either the 2006 petition or the 2007 supplemental petition pursuant to section 122-2.1(b).

R. 366(a)(5) (eff. Feb. 1, 1994); *People v. Quigley,* 183 Ill. 2d 1, 13 (1998).

¶ 33                             III. CONCLUSION

¶ 34       The judgment of the circuit court of Lake County is reversed and the cause is remanded for further proceedings.

¶ 35       Reversed and remanded.