# Illinois Official Reports

## Appellate Court

---

### *People v. Bass*, 2018 IL App (1st) 152650

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. AUBREY BASS, Defendant-Appellant. |
| District & No. | First District, Second Division<br>Docket No. 1-15-2650 |
| Filed<br>Rehearing denied | October 30, 2018<br>December 5, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 10-C4-40621; the Hon. Gregory R. Ginex, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Michael J. Pelletier, Patricia Mysza, and Roxanna A. Mason, of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Kimberly M. Foxx, State's Attorney, of Chicago (Alan J. Spellberg, Tasha-Marie Kelly, and Matthew Connors, Assistant State's Attorneys, of counsel), for the People. |
| Panel | PRESIDING JUSTICE MASON delivered the judgment of the court, with opinion.<br>Justices Pucinski and Hyman concurred in the judgment and opinion. |

**OPINION**

¶ 1     Defendant Aubrey Bass appeals the trial court's order granting the State's motion to dismiss his postconviction petition for relief filed under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2012)). He contends that his postconviction counsel did not provide reasonable assistance. We disagree and affirm.

¶ 2     Following a jury trial, Bass was convicted of (i) possession of a controlled substance with intent to deliver and (ii) possession of a controlled substance and sentenced to 12 years' imprisonment. The evidence at trial established that on May 15, 2010, Maywood police officers Dennis Diaz and Weldon Cobos patrolled an apartment complex on the 1700 block of St. Charles Avenue in Maywood in an unmarked police car. The officers patrolled the apartment complex periodically at the request of the owner of the building, Don Duenes.[1] In the course of their patrol, they approached and spoke with Bass, who was standing with another man. The officers identified themselves as police. Bass stated that he did not reside at the complex and was "just enjoying the weather" and later left.

¶ 3     The officers continued patrolling and, about 10 minutes later, observed Bass in the courtyard of the apartment complex. As they approached, Bass turned to walk away and threw a plastic bag to the ground. The bag contained nine individually-wrapped "rocks" of suspected cocaine. The officers arrested Bass, who had $103 on his person. After giving Bass *Miranda* warnings, Bass told the officers the name of the person that usually sold him cocaine. He stated that he would purchase a quarter ounce for $200 and sell it for $350 in order to make $150 profit. The recovered substances weighed 1.320 grams and tested positive for cocaine. The jury found Bass guilty of possession of a controlled substance with intent to deliver and possession of a controlled substance. The trial court sentenced Bass as a Class X offender to 12 years' imprisonment.

¶ 4     On direct appeal, Bass argued (1) the trial court violated his sixth amendment right to counsel of his choice when it allowed his privately retained attorney to withdraw prior to trial without giving a reason; (2) his conviction for possession should be vacated under the one-act, one-crime rule; (3) his mittimus should be corrected to reflect only his conviction for possession with intent to deliver; and (4) he should have received a mandatory supervised release (MSR) term of two, rather than three, years. This court affirmed Bass's conviction for possession with intent to deliver and his MSR term but vacated his conviction for possession under the one-act, one-crime rule and ordered the mittimus corrected. *People v. Bass*, 2013 IL App (1st) 111992-UB. The Illinois Supreme Court later denied Bass's petition for leave to appeal. *People v. Bass*, No. 116312 (Ill. Sept. 25, 2013).

¶ 5     On December 24, 2013, Bass filed a *pro se* postconviction petition under the Act.[2] In his petition, Bass argued, *inter alia*, that trial counsel was ineffective for failing to (1) file various

---

[1]Duenes's last name is also spelled "Duenas" throughout the record.

[2]The record reveals Bass also filed a *pro se* section 2-1401 petition for relief from judgment (735 ILCS 5/2-1401 (West 2012)) on January 11, 2012, and a *pro se* "petition for a rehearing" on January 20, 2012. The petition for rehearing refers to a request for "relief from judgment," which was purportedly denied on December 16, 2011. Copies of these handwritten petitions are included in the record. However, neither party mentions them, and the record is silent regarding whether they were ruled on.

pretrial motions, including "Motion To Quash Arrest, Motion To Suppress Evidence, Motion in Limine, Motion For DNA/Forensic Analysis…etc," and (2) interview and call as witnesses Duenes and John Shines, who would have testified that Bass had permission to be at the residence where he was arrested.

¶ 6　　On February 28, 2014, the trial court advanced Bass's petition for second stage proceedings and appointed the public defender's office to represent him. During four status hearings between July 2014 and January 2015, appointed counsel informed the court that he needed more time to investigate Bass's claims because he was not able to locate one of the witnesses named in the petition. At a November 23, 2014, status, counsel further informed the court that he spoke with Bass several weeks earlier, went through the petition with him, and obtained from Bass "the name of somebody to contact regarding an issue of being an invitee in this apartment complex," whom counsel had not yet located.

¶ 7　　On April 17, 2015, Bass's counsel filed a certificate pursuant to Illinois Supreme Court Rule 651(c) (eff. Dec. 1, 1984), stating that he consulted with Bass by phone and letter "to ascertain his claims of a deprivation of his constitutional rights"; he examined the trial and sentencing transcripts, and interviewed witnesses named in Bass's petition; and he examined Bass's *pro se* petition, found it adequately stated Bass's contentions of constitutional deprivations, and was therefore declining to amend the petition.

¶ 8　　The State filed a motion to dismiss the petition, arguing, in relevant part, that Bass failed to attach affidavits of the potential witnesses, Duenes and Shines, and that his ineffective assistance claims failed under the test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Postconviction counsel did not respond in writing to the State's motion to dismiss. At a hearing on August 7, 2015, Bass's counsel stated:

> "I did file my certificate. I did not amend or supplement Mr. Bass' petition. *** And I am, in essence, standing on Mr. Bass' petition. I would like to note for the record, Judge, that I did contact the two witnesses named in Mr. Bass's petition—*** Mr. Shines and Mr. Duenas [*sic*]. I also contacted a third individual that Mr. Bass told me about, all of whom he identifies as potential witnesses in a potential motion to quash and suppress the arrest. And based on my conversations with all these individuals, Judge, I was not able to get any affidavits or attach any affidavits to the petition. With that, Judge, I would rest on Mr. Bass's *pro se* petition."

¶ 9　　The trial court granted the State's motion to dismiss. Bass timely appealed.

¶ 10　　On appeal, Bass does not argue the merits of his petition and, as a result, has forfeited any argument that his claims of constitutional deprivation were meritorious. *People v. Cotto*, 2016 IL 119006, ¶ 49; Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018) ("Points not argued are forfeited ***."). Consequently, Bass rests his claim for relief solely on his contention that he did not receive the reasonable assistance of counsel provided for under the Act. In particular, Bass claims that postconviction counsel rendered unreasonable assistance by failing to amend his petition to include affidavits from Duenes and Shines, explain the absence of those affidavits, or move to withdraw pursuant to *People v. Greer*, 212 Ill. 2d 192 (2004). Bass argues that Rule 651(c) requires postconviction counsel to make any necessary amendments to defendant's *pro se* petition for an adequate presentation of his contentions and, here, postconviction

---

The postconviction hearing transcript does contain brief references to other earlier *pro se* section 2-1401 petitions apparently filed by Bass and denied by different judges.

counsel's failure to obtain the witness affidavits resulted in a failure to adequately present Bass's allegations in violation of Rule 651(c).

¶ 11 The Act provides for a three-stage process by which a defendant may assert his conviction was the result of a substantial denial of his constitutional rights. *People v. Beaman*, 229 Ill. 2d 56, 71 (2008). When, as here, a petition has been advanced to second stage proceedings, an indigent defendant is entitled under the Act to representation by appointed counsel. 725 ILCS 5/122-4 (West 2012); *People v. Lander*, 215 Ill. 2d 577, 583 (2005). Postconviction counsel is required to provide defendant with a " 'reasonable level of assistance.' " *Lander*, 215 Ill. 2d at 583 (quoting *People v. Owens*, 139 Ill. 2d 351, 364 (1990)). The reasonable assistance, provided as a matter of "legislative grace" (*People v. Hardin*, 217 Ill. 2d 289, 299 (2005)), is a less rigorous standard than constitutional guarantee of effective assistance under *Strickland*. *People v. Zareski*, 2017 IL App (1st) 150836, ¶ 50 (citing *Cotto*, 2016 IL 119006, ¶ 29).

¶ 12 The parameters of the reasonable assistance postconviction petitioners are provided under the Act are codified in Rule 651(c). Under this rule, postconviction counsel has a duty to consult with defendant to ascertain his contentions of constitutional deprivation, examine the trial record, and, when necessary, amend the *pro se* petition to adequately present defendant's contentions. *People v. Pendleton*, 223 Ill. 2d 458, 472 (2006). Counsel's fulfillment of these duties is evidenced by a certificate attesting to counsel's compliance with the rule. Ill. S. Ct. R. 651(c) (eff. Feb. 6, 2013); *Lander*, 215 Ill. 2d at 584. The filing of a Rule 651(c) certificate creates a rebuttable presumption that postconviction counsel rendered reasonable assistance. *People v. Profit*, 2012 IL App (1st) 101307, ¶ 19.

¶ 13 We review *de novo* both the trial court's dismissal of Bass's postconviction petition without an evidentiary hearing (*Pendleton*, 223 Ill. 2d at 473) and the interpretation of a supreme court rule, including whether counsel fulfilled his duties under Rule 651(c) (*People v. Suarez*, 224 Ill. 2d 37, 41-42 (2007)).

¶ 14 Bass's counsel filed a Rule 651(c) certificate, and accordingly, we presume that he provided his client reasonable assistance. Bass therefore has the burden to rebut this presumption by demonstrating that postconviction counsel failed to substantially comply with the requirements of Rule 651(c). *Profit*, 2012 IL App (1st) 101307, ¶ 19. Bass reasons that because his lawyer failed to amend the petition to include affidavits from the witnesses he identified or explain their absence and because, without those affidavits, Bass's petition was facially deficient, his lawyer did not provide reasonable assistance. Obviously, Bass's argument begs the question since he presumes (without any support in the record) that counsel's failure to amend his petition was the result of some deficiency in his lawyer's performance rather than an inability to substantiate Bass's claims.

¶ 15 The record reveals that counsel informed the court on multiple court dates that he was attempting to locate the potential witnesses named in Bass's *pro se* petition. Counsel further informed the trial court that he met with and went through the petition with Bass and received and examined the record. Ultimately, counsel stated that he interviewed three witnesses, including the two named in Bass's petition, and "was not able to get any affidavits or attach any affidavits to the petition." The record demonstrates that counsel fulfilled all the obligations Rule 651(c) imposes on postconviction counsel.

¶ 16 Despite ample evidence in the record that counsel performed all the duties imposed by Rule 651(c), Bass claims that because his attorney did not amend his petition by attaching affidavits or other evidence, which was necessary to cure defects on the face of the petition, he

did not receive the reasonable assistance of counsel he was entitled to. But obviously, not every petition can be amended to state a substantial constitutional claim.

¶ 17    Citing *Greer*, 212 Ill. 2d 192, Bass further claims that if, after interviewing the witnesses, counsel determined that they did not support Bass's version of events and so the claim of constitutional deprivation in the petition was without merit, counsel was obligated to withdraw. According to Bass, counsel's failure to either amend the petition or withdraw deprived him of the reasonable assistance of counsel.

¶ 18    We note the inconsistency in the arguments presented here and in *Greer*. In *Greer*, the defendant argued that the trial court deprived him of the reasonable assistance of counsel because it allowed his lawyer to withdraw and, on appeal, argued that counsel appointed to represent a postconviction petitioner could not be permitted to withdraw because the Act did not specifically permit it. *Id.* at 205-06. The supreme court disagreed and found that fulfillment of appointed counsel's obligation to make any "necessary" amendments to a *pro se* petition did not "require postconviction counsel to advance frivolous or spurious claims on defendant's behalf. If amendments to a *pro se* postconviction petition would only further a frivolous or patently nonmeritorious claim, they are not 'necessary' within the meaning of [Rule 651(c)]." *Id.* at 205. Yet, here Bass argues that his lawyer's failure to withdraw produced the same result: he was deprived of the reasonable assistance of counsel because his lawyer failed to withdraw as he was obligated to do.

¶ 19    In *Greer,* the defendant's *pro se* postconviction petition advanced to the second stage by default because it was not brought to the trial court's attention within 90 days of filing (725 ILCS 5/122-2.1 (West 2000)), so "there was never an initial determination as to [the] merits of the petition." *Greer*, 212 Ill. 2d at 200. As the supreme court noted, a lawyer appointed to represent a postconviction petitioner whose petition escapes first-stage review, may determine, after fulfilling the obligations imposed by Rule 651(c), that the petition is, in fact, frivolous and patently without merit. *Id.* at 206. Under those circumstances, *Greer* concluded it was untenable to require the lawyer to continue to represent the petitioner. *Id.* at 205. Here, the trial court concluded at the first stage that Bass's *pro se* petition was not frivolous and patently without merit [3] and so passed it to second stage review. When, after conducting his investigation, Bass's lawyer determined that he could not obtain affidavits or other evidence to support it, the petition did not *ipso facto* become frivolous or patently without merit, but it nevertheless remained defective, and counsel determined he was unable cure that defect. Bass offers nothing to suggest that his lawyer's conclusion was wrong or that he acted unreasonably

---

[3]The gravamen of Bass's petition was that trial counsel was ineffective for failing to pursue a motion to suppress when witnesses identified by Bass could have testified that he had permission to be at the apartment complex where he was arrested. But, of course, permission to be on the premises is legally irrelevant to whether police had probable cause to arrest Bass when they saw him throwing a plastic bag, later determined to contain narcotics, to the ground. Given the extremely low bar for first stage determinations set by our supreme court (see *People v. Hodges*, 234 Ill. 2d 1, 21 (2009) (at first stage, the petition must be given a liberal construction and courts must use a "lenient eye, allowing borderline cases to proceed" (internal quotation marks omitted))), we do not view the trial court's decision to advance the petition to the second stage as an indication that the court had analyzed and endorsed the legal significance of the facts pled in the petition, which was defective on its face. Rather, we view the decision as reflecting the court's desire to afford Bass the benefit of review by appointed counsel.

in declining to amend. Accordingly, Bass has not sustained his burden to overcome the presumption that attaches to counsel's Rule 651(c) affidavit.

¶ 20    Of course, the unspoken *sequitur* to Bass's reformulation of *Greer* presumes that had his lawyer withdrawn, the court would have appointed new counsel to represent him. But nothing in the Act, nor in any case interpreting the statutory provision for reasonable assistance of counsel, contemplates such a result. *People v. Thomas*, 2013 IL App (2d) 120646, ¶ 7 ("[T]he import of the *Greer* court's reasoning is that, once an attorney appointed to represent a defendant in a postconviction proceeding has withdrawn ***, there will be no further statutory right to counsel, at least in the absence of unusual circumstances."). In fact, the procedure approved in *Greer* (a motion for withdrawal accompanied by a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), setting forth the reasons why counsel has concluded the postconviction petition is without merit) forecloses this possibility. Put another way, if the lawyer appointed to represent a postconviction petitioner determines, after fulfilling his or her obligations under Rule 651(c), that the petition cannot be amended, defendant has received the reasonable assistance of counsel the Act contemplates and his entitlement to the assistance of counsel is at an end. *People v. Norton*, 203 Ill. App. 3d 571, 574 (1990). And whether appointed counsel elects to withdraw and inform the court of the reasons why the petition lacks merit or instead elects to stand on the *pro se* petition, the result is the same; defendant's unamended petition will be dismissed.

¶ 21    Bass also contends his lawyer's failure to withdraw deprived him of the ability to defend his postconviction *pro se*. But again, this argument presumes, without any support in the record, that Bass's counsel failed to discuss with him the results of his investigation and Bass's options for proceeding with the petition. Bass could rationally have decided that he was better off having postconviction counsel appear for him than to have his lawyer file an *Anders* brief explaining to the court why the claims raised in the petition were without merit. See *People v. Kuehner*, 2015 IL 117695, ¶ 21 (motion to withdraw filed by postconviction counsel must address the lack of merit in all claims of constitutional deprivation raised in petitioner's *pro se* petition).

¶ 22    Counsel provided reasonable assistance to Bass by investigating the claims he raised in his postconviction petition. Bass does not articulate a basis—and we see none—for the contention that a failure to seek leave to withdraw when counsel's investigation does not yield the necessary support for a petitioner's claims of constitutional deprivation constitutes "unreasonable assistance" under the Act. Withdrawal of Bass's appointed counsel would leave him where he started: with a postconviction petition lacking in any evidentiary support. We therefore reject Bass's argument that he was denied reasonable assistance of postconviction counsel under Rule 651(c).

¶ 23    Affirmed.